UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 ~ 12219 PBS

IN CLERK'S OFFICE

2004 OCT 22  A 10: 45

DISTRICT COURT
DISTRICT OF MASS

MAGISTRATE JUDGE Collins

---

PEOPLE'S LIQUOR MART, INC., WINE
& SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

    *Plaintiffs,*

v.

EDDIE J. JENKINS, in his capacity as
Chairman of the Alcoholic Beverages
Control Commission, SUZANNE IANNELLA
and ROBERT CRONIN, in their capacities as
Commissioners of the Alcoholic Beverages
Control Commission,

    *Defendants.*

Civil Action No.

RECEIPT # _____ 54513
AMOUNT $ 160
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kowi
DATE 10/22/04

---

## COMPLAINT

---

**Nature of the Action**

1.    Plaintiffs allege violations of the First, Fifth and Fourteenth Amendments to the
Constitution of the United States and Article 1, §8 of the Constitution of the United States.
Plaintiffs also allege a violation of 29 U.S.C. §1001, *et seq.* (ERISA).

2.    Chapter 138, §15 of Massachusetts General Laws has been amended by §178 of the
Outside Sections to the 2005 Massachusetts Budget.  As amended, §15 unconstitutionally
restricts the rights of speech and association and denies Plaintiffs of their right to Equal
Protection of the laws by treating them differently from similarly situated other business entities.

3.    Chapter 138, §15 also violates Article 1, §8 of the Constitution of the United States by limiting licensees to only three licenses and by requiring that the majority of directors of a licensee be residents of Massachusetts.

4.    Chapter 138, §15 of Massachusetts General Laws, as amended, violates 29 U.S.C. §1001, *et seq.* (ERISA) by prohibiting more than three licensees from working together to purchase insurance for their employees.

**Jurisdiction**

5.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331, because the matter in controversy arises under the Constitution and laws of the United States. Plaintiffs' right to judicial review of the actions complained of is secured by 42 U.S.C. §1983.

6.    Venue in this Court is proper under 28 U.S.C. §1391 because the events giving rise to this claim have occurred, and will occur, within the District of Massachusetts.

**The Parties**

7.    PEOPLE'S LIQUOR MART, INC. is a corporation organized under the laws of the Commonwealth of Massachusetts.  PEOPLE'S owns three licenses to operate liquor stores within the Commonwealth of Massachusetts.

8.    WINE & SPIRITS RETAILERS, INC. (W&S) is a corporation organized under the laws of Rhode Island.  W&S is the franchisor of Douglas Wine and Spirits (DW&S).

9.    JOHN HARONIAN is a resident of Rhode Island who provides business advice to liquor stores within the Commonwealth.  His ability to continue to provide this advice is restricted by the newly amended Chapter 138, §15.

10.    Defendant EDDIE J. JENKINS, is the Chairman of the Alcoholic Beverages Control Commission (ABCC), the government body tasked with enforcing the unconstitutional statute at issue in this litigation.  JENKINS is being sued in his official capacity only.

11.    Defendant SUZANNE IANNELLA, is a Commissioner of the ABCC, the government body tasked with enforcing the unconstitutional statute at issue in this litigation.  IANNELLA is being sued in her official capacity only.

12.    Defendant, ROBERT CRONIN is a Commissioner of the ABCC, the government body tasked with enforcing the unconstitutional statute at issue in this litigation.  CRONIN is being sued in his official capacity only.

**Facts Common to All Claims**

13.    On July 22, 2004, the Massachusetts legislature overrode the Governor's veto of §178 of the Outside Sections to the 2005 Massachusetts Budget, which amends Chapter 138, §15 of the Massachusetts General Laws.

14.    This amendment forbids holders of Off-Premises All-Alcohol licenses from engaging in certain associative and expressive activities.

15.    The amendment provides: "No person, firm, corporation, association, or other combination of persons, directly or indirectly, or through any agent, employee, stockholder, officer or other person or any subsidiary whatsoever, shall be granted, in the aggregate, more than three such licenses in the commonwealth, or participate in decisions regarding the purchasing of alcoholic beverages or the purchasing of insurance or accounting or bookkeeping services, or receive any percentage of fee derived from gross revenues in exchange for management assistance, or participate in any other action designed to effect common results of

3

more than 3 licensees under this section, or be granted more than one such license in a town or two in a city." [Amended language is underlined].

16.    The elements of the amendment to Chapter 138, §15 are not separable.

## COUNT I
### First Amendment to the Constitution of the United States

17.    Chapter 138, §15, as amended, prohibits the Plaintiffs from engaging in expression protected by the First Amendment to the Constitution of the United States.

## COUNT II
### First Amendment to the Constitution of the United States

18.    Chapter 138, §15, as amended, violates the Plaintiffs' rights secured by the First Amendment to the Constitution of the United States by prohibiting the Plaintiffs from forming an expressive association.

## COUNT III
### Fifth Amendment to the Constitution of the United States

19.    Chapter 138, §15, as amended, eliminates the reasonable investment backed property rights of the Plaintiffs PEOPLE'S LIQUOR MART, INC. and WINE & SPIRITS RETAILERS, INC. in their businesses and the value of their existing contractual relationships.

20.    The Defendants have unconstitutionally taken the property of PEOPLE'S LIQUOR MART, INC. and WINE & SPIRITS RETAILERS, INC. without just compensation. The amount of compensation constitutionally required is to be proven at trial.

## COUNT IV
### Denial of Equal Protection of the Laws in Violation of the
### Fourteenth Amendment to the Constitution of the United States

21.    Chapter 138, §15, as amended, treats the Plaintiff differently from similarly situated other individuals and businesses.

22.  The Defendants lack a legitimate purpose for this different treatment.

## COUNT V
## Article I, §8, cl.3 of the Constitution of the United States (Commerce Clause)

23.    Chapter 138, §15 requires the majority of directors of any corporation holding a license for the selling of alcoholic beverages for off-premises consumption to be residents of the Commonwealth of Massachusetts.

24.    Chapter 138, §15 limits Off-Premises All-Alcohol licenses to individuals "who are citizens and residents of the commonwealth, or partnerships composed solely of such citizens and residents or to corporations organized under the laws of the commonwealth and whereof all directors shall be citizens of the United States and a majority residents of the commonwealth or to limited liability companies or limited liability partnerships organized under the laws of the commonwealth."

25.    Chapter 138, §15 also limits the number of licenses any one individual or entity may own to three thereby exceeding the power of a state to regulate commerce.

26.    Chapter 138, §15 discriminates against interstate commerce and therefore violates the Commerce Clause.

## COUNT VI
## 29 U.S.C. §1001, *et seq.*
## Preemption by Employee Retirement Income Security Act (ERISA)

27.    Chapter 138, §15, as amended, provides that: "No person, firm, corporation, association, or other combination of persons . . . shall . . . participate in decisions regarding . . . the purchasing of insurance" for more than three licensees.

28.    ERISA preempts state efforts to regulate employee welfare benefit plans, which include employees benefits secured "through the purchase of insurance."

29.    The purchasing of insurance by employers or groups of employers is regulated by ERISA and therefore cannot be regulated or restricted by states.

30.    Chapter 138, §15, as amended, prevents more than three licensees from grouping together to purchase insurance for their employees.

**COUNT VII**
**Deprivation of Rights Secured by the Constitution and**
**Laws of the United States in Violation of 42 U.S.C. §1983**

31.    Chapter 138, §15 deprives the Plaintiffs of rights or privileges secured by the Constitution and laws of the United States.

32.    This deprivation of rights has and will occur under color of law.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A.    Enter judgment declaring M.G.L. Chapter 138, §15, as amended by §178 of the Outside Sections to the 2005 Massachusetts Budget, violates the First Amendment to the Constitution of the United States; and

B.    Enter judgment declaring M.G.L. Chapter 138, §15, as amended by §178 of the Outside Sections to the 2005 Massachusetts Budget, violates the Fifth Amendment to the Constitution of the United States; and

C.    Enter judgment declaring M.G.L. Chapter 138, §15, as amended by §178 of the Outside Sections to the 2005 Massachusetts Budget, violates the Fourteenth Amendment to the Constitution of the United States; and

D.    Enter judgment declaring M.G.L. Chapter 138, §15, violates Article I, §8, cl.3 of the Constitution of the United States; and

E.    Enter judgment declaring M.G.L. Chapter 138, §15, as amended by §178 of the Outside Sections to the 2005 Massachusetts Budget, violates 29 U.S.C. §1001, *et seq.*; and

F.    Enter judgment declaring M.G.L. Chapter 138, §15, as amended by §178 of the Outside Sections to the 2005 Massachusetts Budget, has violated rights protected by federal law in violate 42 U.S.C. §1983; and

G.    Permanently enjoin the defendants from enforcing Chapter 138, §15, as amended by §178 of the Outside Sections to the 2005 Massachusetts Budget; and

H.    Order that just compensation be paid to PEOPLE'S LIQUOR MART, INC. and WINE & SPIRITS RETAILERS, INC. for the taking of their property.

I.   Award to Plaintiffs the costs of this action, including attorney fees as provided for by 42
     U.S.C. §1988 and 29 U.S.C. §1132(g)(1); and

J.   Award such other relief as the Court may deem just.


Respectfully submitted,

PEOPLE'S LIQUOR MART, INC., *et al.*

By their Attorneys,


Evan T. Lawson        (BBO# 289280)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams      (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Dated: October 21, 2004          Facsimile:  (617) 439-3987