UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEOPLES SUPER LIQUOR STORES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-12219 - PBS |
| EDDIE J. JENKINS, in his capacity as Chairman ) | |
| of the Alcoholic Beverages Control Commission, et al., ) | |
| ) | |
| Defendants. ) | |

**SUPPLEMENTAL BRIEF of PLAINTIFFS**
**PEOPLES SUPER LIQUOR STORES, INC., et al.,**

The purpose of this Supplemental Brief is to discuss the manner in which the First Circuit's decision in *Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36 (1st Cir. 2005) impacts the defendants' pending Motion to Dismiss.

In the Rhode Island action, Wine and Spirits Retailers, Inc., a franchisor of eleven liquor store operations in Rhode Island, and John Haronian (both plaintiffs in the present action) seek to enjoin the enforcement of two recent amendments to the Rhode Island Liquor Control Act on the basis that said amendments violate WS&R's First Amendment Rights to freedom of speech and expressive association and their Fourteenth Amendment right to equal protection. The amendments in question include R.I. Gen. Laws § 3-5-11, which restricts licensed liquor stores

from participating in certain coordinated business activities typical of the franchise relationship,[1] and R.I. Gen. Laws § 3-5-11.1, which explicitly prohibits franchisors and franchisees from holding Rhode Island liquor licenses and nullifies all franchise agreements involving the retail sale of alcoholic beverages. The effect of these amendments is to prohibit the paid marketing and management advise and advertising services provided by WS&R to its franchisees and to make unlawful its franchise agreements. In *Wine and Spirits Retailers, Inc.,* the First Circuit reviewed and affirmed the lower court's decision not to issue a preliminary injunction enjoining the enforcement of the amendments.

The effect of the First Circuit's decision in *Wine and Spirits Retailers, Inc.* on this action is limited because of 1) the substantive material differences between M.G.L. c. 138, § 15 (Section 15) and the Rhode Island amendments, 2) the nature of the parties before the court in the two cases, and 3) the differing standards of review for a motion for preliminary injunction versus a motion to dismiss.

**A. First Amendment**

The plaintiffs' object to the amendment to §15, on among other things, that it interferes with their right to free speech by prohibiting the buying and selling of marketing and

---

[1] R.I. Gen. Laws § 3-5-11 defines "chain store organization" as
> Any group of one or more holders of Class A liquor licenses who engage in one or more of the following practices with respect to the business conducted under such licenses, either directly or indirectly, or have any direct or indirect beneficial interest in the following practices:
> (i) Common, group, centralized or coordinated purchases of wholesale merchandise
> (ii) Common billing or utilization of the services of the same person or the same entity in the management or operation of more than one liquor licensed business.
> (iii) Participation in coordinated or common advertisement with one or more liquor licensed business in any advertising media.
> (iv) Coordinated or common planning or implementation of marketing strategies.
> (v) Participation in agreed upon or common pricing of products.
> (vi) Any term or name identified as a chain or common entity.

management advice for a fee. In contrast, the First Circuit determined in *Wine and Spirits Retailers, Inc.* that the Rhode Island amendments do not prohibit communication of advice between a franchisor and holders of liquor licenses. *Id.* at 47. Consequently, no applicable free speech analysis was performed.

The Commonwealth argues that the amendment to §15 does not explicitly prohibit the franchising and communicative engaged in by the plaintiffs. And suggest that this Court should pay deference to the interpretation given by the Massachusetts Alcoholic Beverages Control Commission of the meaning of §15. Apparently the ABCC has not yet determined what the meaning of §15 is. The ABCC has scheduled a hearing for October 5, 2005 to determine if W&SR's franchising activities are prohibited by the amendment to §15.[2] A similar hearing has been set concerning a license application of another liquor license transfer involving another franchise operation. The topic of that hearing is also listed as determining the granting of a license to a franchisee "would violate C138 §15 (as amended 2004) by resulting in the exercise of a combination of persons holding an interest in more than three licenses."

Plaintiffs also object to the amendment to §15 on the basis that it unlawfully restricts commercial speech by prohibiting joint advertising amongst four or more licensees. While the *Wine and Spirits Retailers, Inc.* plaintiffs had a similar objection to the Rhode Island amendments, the First Circuit was unwilling to examine the commercial speech rights of liquor license holders where none were before the court. The First Circuit did, however, acknowledge that "commercial speech, including truthful liquor advertising, is entitled to a measure of

---

[2] The license transfer at issue in the October 5, 2005 hearing was previously approved when the prospective licensee was not going to be a franchisee of W&SR. The only reason for the hearing is the fact that the licensee now intends to be a franchisee of W&SR.

protection under the First Amendment. (Citations omitted.)" *Id.* at 48.  This Court has before it Peoples Super Liquor Stores, Inc., a holder of three licenses to sell alcoholic beverages in Massachusetts, who objects to §15's prohibition against joint advertising.  Therefore, the instant plaintiffs have standing and this Court must address their First Amendment free speech rights noted by the First Circuit.

### B. Equal Protection

In *Wine and Spirits Retailers, Inc.*, the First Circuit determined that rational basis review was appropriate where the Rhode Island amendments do not employ suspect classifications or infringe on fundamental rights. *Id.* at 54.  This court's analysis of the amendment to §15 is distinguishable for two reasons. First, as discussed above, plaintiffs' fundamental First Amendment rights of free speech and free association are implicated.  Therefore, Section 15 must be scrutinized under a stricter standard than rational basis review.  *See Police Dep't of Chicago v. Mosley*, 408 U.S. 92, 98 (1972) (where ordinance restricting speech treats some differently from others, it is analyzed in terms of the Equal Protection Clause and is subject to the strict scrutiny standard).

Second, since the First Circuit was reviewing an appeal of the lower court's denial of a motion for preliminary injunction, the standard of review was not the same.  A motion to dismiss should not be granted unless it is apparent beyond doubt that the plaintiffs can prove no set of facts in support of their claim that would entitle them to relief, with the court indulging all reasonable inferences in their favor. *Greene v. State of R.I.*, 498 F.3d 45 (1st Cir. 2005).  Even if this court determines that rational basis review is the applicable standard, plaintiffs may overcome the presumption of Section 15's validity by "demonstrating that there exists no fairly

4

conceivable set of facts that could ground a rational relationship between the challenged classification and the government's legitimate goals." *Eulitt v. Me. Dep't of Educ.*, 386 F.2d 344, 356 (1st Cir. 2004). Plaintiffs have stated that they intend to prove facts at trial demonstrating that there is no rational basis for Section 15. Accordingly, plaintiffs equal protection claims must survive.

For all the foregoing reasons, the plaintiffs respectfully submit that the First Circuit's decision in *Wine and Spirits Retailers, Inc.* has little bearing on the merits of the defendant's Motion to Dismiss.

        For the plaintiffs,

        /s/ Evan T. Lawson
        Evan T. Lawson, BBO # 289280
        Robert J. Roughsedge, BBO # 638180
        Michael Williams, BBO # 634062
        Lawson & Weitzen, LLP
        88 Black Falcon Ave., Suite 345
        Boston, MA 02210-1736
        (617) 439-4990

Dated:   September 23, 2005