UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

    *Plaintiffs,*

v.

EDDIE J. JENKINS, in his capacity as
Chairman of the Alcoholic Beverages
Control Commission, SUZANNE IANNELLA
and ROBERT CRONIN, in their capacities as
Commissioners of the Alcoholic Beverages
Control Commission,

    *Defendants.*

Civil Action No. 04-cv-12219-PBS

**PLAINTIFFS' REPLY TO DEFENDANTS' SUPPLEMENTAL
MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS**

    In their Supplemental memorandum in support of their motion to dismiss, the ABCC notes that two of the three plaintiffs in the present action are also plaintiffs in *Wine & Spirit Retailers, Inc. v. Rhode Island*, 418 F.3d 36 (1st Cir. 2005). But it is the presence of that third plaintiff that makes all the difference. The third plaintiff holds three licenses for the sale of alcoholic beverages for off premises consumption. In *Wine & Spirits*, the First Circuit relied on the absence of a storeowner plaintiff in its decision not to reach the question of whether the Rhode Island statutes impermissibly restrict the fundamental freedoms of speech and expressive association. *Wine & Spirits*, 418 F.3d at 49-50. Because this Court does have three liquor stores before it, it must reach those constitutional questions not answered by the First Circuit.

    Although the Defendants in the present case argue that the Rhode Island statutes addressed in *Wine & Spirits* contain greater (or at least more explicit) restrictions on joint

advertising and expressive association, it is important to note that the First Circuit did not hold that Rhode Island's restrictions are constitutionally permitted. The First Circuit merely held that the proper parties to object to Rhode Island's restrictions are the storeowners whose speech is being restricted. "We agree with W & S's underlying premise that commercial speech, including truthful liquor advertising, is entitled to a measure of protection under the First Amendment. We nonetheless reject W & S's suggestion because, in performing its role in the activities in question, it does not engage in commercial speech." *Wine & Spirits*, 418 F.3d at 48 (internal citations omitted).

In the case at bar, Plaintiff Peoples Super Liquor Store owns three liquor stores. The ability of Peoples to engage in joint expressive and associative activities protected expressive and associative activities with additional stores has been limited by the amendment to §15. Peoples is currently being prevented from engaging in joint advertising and expressive association with the Fall River liquor store that seeks to become the fourth Massachusetts franchisee of Wine & Spirits Retailers. As noted in Plaintiffs' previous memoranda, the Fall River liquor store was only able to obtain its liquor license by promising the ABCC that it would not become a franchisee of Wine & Spirits. In other words, the approval of its license was conditioned on its agreeing not to jointly advertise and to not engage in expressive association with the three liquor stores owned by Peoples.

The Defendants argue in their supplemental memorandum in support of their motion to dismiss that,

> "the plaintiffs have disavowed engaging in any activities specifically affected by the amendments . . . They instead contend that Section 15 constrains them from engaging in three activities ***not specifically referenced in the statute***: entering into franchise relationships with more than three Massachusetts licensees, providing 'management and marketing advice' to more than three

2

      licensees, and engaging in joint retail advertising with more than three licensees."

Defendants Supplemental Memorandum, p.2 (emphasis added).  But, on October 5, 2005, the defendant Commissioners of the Massachusetts Alcoholic Beverages Control Commission held a hearing to consider the impact of the amendment to Mass. G.L. c. 138, §15 on whether to permit a fourth liquor store to become a franchisee of Wine & Spirits Retailers.

      To date, the only interpretation of the amendment to §15 to come out of the ABCC has been the insistence by that body that the Fall River application could only be approved if the applicant included an affidavit stating that the store would not become a franchisee of Wine & Spirits.  Following the first hearing on the ABCC's motion to dismiss this action, the Fall River store was permitted to seek the ABCC's approval of it becoming a franchisee of Wine & Spirits.  But, no determination has been made that the Fall River store will be permitted to associate with the other Wine & Spirits franchisees, only that it can ask for a reinterpretation of the amendment to §15 by the ABCC.  The ABCC argues in its supplemental memorandum that it <u>may</u> in fact change that interpretation.[1]  But, this is no basis for granting a motion to dismiss.

      Whether the amendment will be interpreted by the ABCC to permit the constitutionally protected activities at issue in this litigation is entirely in the hands of the Defendant

---

[1] In their September 23, 2005 supplemental memorandum, the Defendants argue that this Court must pay deference to the interpretation of the amendment given by the ABCC.  *Docket Entry # 24*, at p. 3.  In their reply to Plaintiffs' supplemental memorandum filed today, they argue that this Court can ignore the actions of the ABCC in its previous interpretation of the amendment and current position with regard to the Fall River application "because the construction of a statute (state or federal) is ultimately the province of the Court."  *Docket Entry #26*, pp. 2-3.  Despite this reversal of positions, the fact remains that the Plaintiffs are currently being denied the right to associate with the Fall River store.  *See also*, *Complaint* ¶ 14 ("This amendment forbids holders of Off-Premises All-Alcohol licenses from engaging in certain associative and expressive activities").

Commissioners of the ABCC.  They can, at any time of their choosing, adopt such an alternative interpretation of the statute.  But, to date, they have not done so.  Instead, the effort to add a fourth franchisee remains blocked.  This litigation was filed one year ago – on October 22, 2004.  Plaintiffs' constitutional claims have been on hold while they and the Court await an announcement from the ABCC of their current interpretation of the amendment to §15.  If the ABCC wishes to permit additional liquor stores to associate themselves with People and Wine & Spirits, it should so state.  If the ABCC intends to continue to withhold its approval of additional franchisees associating with Peoples and Wine & Spirits, then their motion to dismiss should be denied, and the litigation of the Plaintiffs claims should be permitted to move forward.

Respectfully submitted,

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

by their Attorneys,

    /s/  Michael Williams
Evan T. Lawson        (BBO# 289280)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams      (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Dated: October 14, 2005          Facsimile:  (617) 439-3987