## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

     *Plaintiffs,*

*v.*

EDDIE J. JENKINS, in his capacity as
Chairman of the Alcoholic Beverages
Control Commission, SUZANNE IANNELLA
and ROBERT CRONIN, in their capacities as
Commissioners of the Alcoholic Beverages
Control Commission,

     *Defendants.*

Civil Action No. 04-cv-12219-PBS

**PLAINTIFFS' SUPPLEMENTAL OPPOSITION to DEFENDANTS MOTION
to DISMISS (ADDRESSING the NOVEMBER 7, 2005 DECISION of the ABCC)**

---

The Massachusetts Alcoholic Beverages Control Commission has argued that the amendment to §15 does not amount to a *per se* prohibition of a franchisors selling its business model to more than three liquor stores, but the Commission's interpretation of §15 in its November 7, 2005 decision shows that it does impose a *per se* prohibition on the expressive and associative activities that are at the heart of this case. In refusing to approve the request of a Fall River liquor store to become the fourth franchisee of Wine & Spirits Retailers, Inc., the Commission makes clear that §15 (as amended) restricts the provision of advice and advertising services for a fee to more than three liquor stores. [1]

---

[1] It bears noting that the re-application by the Fall River store was solicited by the Commission's attorney in open court at an earlier hearing on the Commission's motion to dismiss. On November 7, 2005, the ABCC also denied an application of a convenience store owner to operate with a beer and wine license as a 7-Eleven franchisee.

## I.    <u>Restricting fees for giving advice and for advertising violates the First Amendment.</u>

"The Supreme Court has recognized that some profit-directed speech, such as legal or medical advice, is entitled to constitutional protection." *Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 47 (2005), *citing Bd. of Trs. of State Univ. of N.Y. v. Fox,* 492 U.S. 469, 482 (1989) (using "tutoring, legal advice, and medical consultation provided (for a fee)" as examples of speech protected by the First Amendment). Wine and Spirits Retailers is in the business of providing advertising services and management advice for a fee. In *Wine & Spirits*, the First Circuit did not find the Rhode Island statute to impinge upon the First Amendment's protection of selling of advice because it found, "nothing in the [Rhode Island] statute prevents W & S from selling or otherwise communicating its recipe for the operation of a successful package store to a [liquor store] license holder." *Wine & Spirits*, 418 F.3d at 47. Under the Commission's November 7, 2005 interpretation of §15 (as amended), a franchisor is prohibited from selling "its recipe for the operation of a successful package store" to more than three Massachusetts liquor stores.

The 2004 amendment to §15 provides, "that no person or combination of persons may 'receive any percentage or fee derived from gross revenues in exchange for management assistance, or participation in any other action designed to effect common result of more than 3 licenses,'" §15 (as amended). The Commission interprets this provision to only permit fees for marketing advice and "management assistance" if the fees are (1) "fixed fees" and (2) "so long as sufficient revenues to pay all such fixed fees is derived by the license holder from a source other than the sale of alcoholic beverages." *Decision*, p.7. This restriction also applies to joint advertising between stores, though the Commission has failed to define those limitations. *Id*. at p.7.

Limiting fees for management and marketing advice and joint advertising to fixed fees that are "derived by the license holder from a source other than the sale of alcoholic beverages" places severe restrictions on the amount of compensation that can be paid for management and marketing advice provided by franchisors – a restriction that only applies to a franchisor who sells advice to liquor retailers and to joint advertising concerning the retail sale of alcoholic beverages.  As Judge Alito, writing on behalf of the Third Circuit, recently notes:

> If government were free to suppress disfavored speech by preventing potential speakers from being paid, there would not be much left of the First Amendment. Imposing a financial burden on a speaker based on the content of the speaker's expression is a content-based restriction of expression and must be analyzed as such.

*Pitt News v. Pappert*, 379 F.3d 96, 105-06 (3rd Cir. 2004) (invalidating restriction on liquor advertising in student newspapers).  In reaching this conclusion, the Third Circuit relied on *Simon & Schuster, Inc. v. Members of the New York State Crime Victims Bd*., in which the Supreme Court held that New York's "Son of Sam" law placed a content-based restriction on speech because it "single[d] out income derived from expressive activities for burden the State places on no other income, and it is directed only at works with a specified content."  502 U.S. 105, 116 (1991).

The Commission is willing to permit individuals or entities to act as an "advisor without monetary compensation" (*see ABCC Decision*, p.1), but restricts the sources of revenue that can be used to pay for advice relating to the sale of alcoholic beverages.  *Decision*, p. 7.  As the Supreme Court cautions, "[a] statutes is presumptively inconsistent with the First Amendment if it imposes a financial disincentive only on speech of a particular content."  502 U.S. at 115.  The 2004 amendment, on its face and as interpreted by the Commission, imposes special financial disincentives only on speech related to the retail sale of alcoholic beverages.  Similar restrictions are not placed on advertising services for other products, or on fees for advice provided to

storeowners selling alcoholic beverages in restaurants or in other industries. See, *Simon & Schuster*, 502 U.S. at 117 ("The government's power to impose content-based financial disincentives on speech surely does not vary with the identity of the speaker").

While the Plaintiffs disagree with the Commission's interpretation of previous decisions by the Massachusetts courts concerning the meaning of "direct or indirect beneficial interest" under §15, it does not matter if the Commission has correctly read the amendment to §15 as imposing limits on the fees that can be charged for selling advice. The First Amendment subjects any such state statutes to exacting scrutiny.

> In the context of financial regulation, it bears repeating . . . that the government's ability to impose content-based burdens on speech raises the specter that the government may effectively drive certain ideas or viewpoints from the marketplace. The First Amendment presumptively places this sort of discrimination beyond the power of the government.

502 U.S. at 116. The Defendants cannot overcome this presumption.

## II.      Restricting Joint Purchasing of Insurance violates ERISA.

The Commission also singles out joint purchasing of insurance by franchisees as an element it considers in determining if §15 (as amended) has been violated. *Decision*, p. 6. Joint purchasing of insurance, where that insurance is part of an employee welfare benefit plan, is governed by ERISA and Massachusetts is precluded from regulation of such plans. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983).

## III.     Any Contemplated State Court Proceedings Do Not Support Abstention.

DW&S – Fall River, Inc. d/b/a Tanza Liquors, the applicant at issue in the November 7, 2005 decision, has requested that the Commission's decision be treated as a final decision so that it may proceed with an appeal in the state court of the Commission's other interpretations of §15 and its unsupported findings of fact concerning the purchase of the Fall River store. As has been

previously addressed with this Court, abstention is inappropriate in the First Amendment context. *Houston v. Hill*, 482 U.S. 451, 467-68 (1987).  The question of whether Massachusetts is precluded by ERISA from regulating joint purchases of insurance as part of an employee welfare benefit plan is also not subject to abstention.

**IV.     Conclusion**

Given both the plan language of §15 (as amended) and the interpretation given to that language by the ABCC in its November 7, 2005 decision, it is clear that §15 does restrict giving advice for a fee, joint advertising, the use of brand identity, and purchasing insurance for employee welfare benefit plans.  The Defendants have not shown that "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), therefore their motion to dismiss should be denied.

Respectfully submitted,

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

By their Attorneys,

_____/s/  Michael Williams_____
Evan T. Lawson         (BBO# 289280)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams        (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party.

Date:  November 23, 2005

_____/s/  Michael Williams_____