UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEOPLES SUPER LIQUOR STORES, INC., *et al.*

    *Plaintiffs*,

v.

EDDIE J. JENKINS, in his capacity as Chairman of the Alcoholic Beverages Control Commission, *et al.*,

    *Defendants*.

Civil Action No. 04-cv-12219-PBS

### REPLY to the DEFENDANTS' SUPPLEMENTAL BRIEFING CONCERNING the FIRST CIRCUIT'S RECENT ROWE DECISION FILED IN SUPPORT of DEFENDANTS' MOTION TO DISMISS

The First Circuit's recent decision in *Pharmaceutical Care Management Ass'n v. Rowe*, 2005 WL 2981063 (1st Cir., decided November 8, 2005), does not give the Defendants as much support as they suggest. The factual and legal theories addressed in *Rowe* are all dissimilar to those raised by the present Plaintiffs. For example, *Rowe*'s First Amendment discussion was limited to determining whether government mandated disclosures constitute compelled speech. The amendment to §15 restricts the ability of the Plaintiffs to communicate the information they wish to communicate – in the form of limitations on joint advertising (commercial speech) and in the form of limitations on fees for providing advice (pure speech). Defendants also incorrectly suggest that economic regulations are not subject to the normal First Amendment analysis. But the Supreme Court disagrees, "even regulations aimed at proper governmental concerns can restrict unduly the exercise of rights protected by the First Amendment." *Simon & Schuster, Inc. v. Members of the New York State Crime Victims Bd.*, 502 U.S. 105, 117 (1991).

Defendants argue that *Rowe* supports the contention that the Plaintiffs lack a reasonable investment backed expectation, for purposes of the takings analysis, because the liquor

distribution industry is heavily regulated. But this leaves out the fact that the Defendant ABCC has previously indorsed the business model invested in by the Plaintiffs; making their expectations of the continued viability of their investment reasonable. This reasonable investment backed expectation bears little resemblance to the *Rowe* plaintiff's takings claims based on the forced disclosure of information that it was already required to disclose under other regulatory schemes. *Rowe*, at *10.

The First Circuit held that the regulation at issue in *Rowe* did not have a "connection with" ERISA and therefore was not subject to preemption based on the fact that "[t]he plan administrators here have a free hand to structure the plans as they wish in Maine." *Rowe*, *5. The same is not true under the amendment to §15, which forbids the provision of employee welfare benefit plans to more than three liquor stores. M.G.L. c. 138, §15 (as amended). The First Circuit also based its *Rowe* decision on the fact that the Maine regulation applies to a wide variety of situations making it a law of general application. *Rowe*, *6 ("reference to" analysis). The amendment to §15 is not of general application. It is exceedingly limited in its reach – the joint purchase of insurance by liquor stores, including employee welfare benefit plans.

Dated: December 1, 2005

Respectfully submitted,

PEOPLES SUPER LIQUOR STORES, INC., WINE & SPIRITS RETAILERS, INC. and, JOHN HARONIAN,

By their Attorneys,

/s/ Michael Williams
Evan T. Lawson        (BBO# 289280)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams      (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

**CERTIFICATE OF SERVICE**

I, Michael Williams, hereby certify that a true copy of the above document was served upon the attorney of record for each other party.

Date: December 1, 2005

/s/ Michael Williams

2