UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEOPLES SUPER LIQUOR STORES, INC., *et al.*,

    *Plaintiffs,*

v.

EDDIE J. JENKINS, in his capacity as Chairman of the Alcoholic Beverages Control Commission, *et al.*,

    *Defendants.*

Civil Action No. 04-cv-12219-PBS

**MEMORANDUM IN SUPPORT of PLAINTIFFS' MOTION
for RECONSIDERATION of THIS COURT'S MAY 8, 2006
GRANTING, IN PART, DEFENDANTS' MOTION TO DISMISS**

    The Plaintiffs move this Honorable Court to reconsider one portion of its May 8, 2006 decision granting, in part, Defendants' motion to dismiss. In dismissing the Plaintiffs' freedom of speech claim, this Court made a clear error of law in its application the First Circuit's decision in *Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36 (1st Cir. 2005). Additionally, the ABCC has made further interpretations of the challenged provision, which were not available to this Court at the time of its decision.

    The First Circuit upheld Rhode Island's statute specifically because it did not include a restriction that is contained within Section 15 (as amended) of the Massachusetts General Laws Chapter 138 – the singling out certain speech for special financial disincentives.[1] Two recent

---

[1] The Plaintiffs will file a separate motion seeking leave of the Court to amend their complaint in order to clarify their Commerce Clause challenge to the three-store as it has been interpreted by the ABCC to limit Plaintiffs' business operations. Although they are not relevant to this motion for reconsideration, the Plaintiffs note for clarity, that the factual discussions contained in the ABCC's decision relied upon by this Court were not findings based on any adjudicative process and contain clear factual errors. As an example based on the ABCC "findings," this Court

decisions from the ABCC, issued after this Court decided on Defendants' motion to dismiss clarify the reach of Section 15. In two decisions made the day after this Court issued its decision, the ABCC clearly states that what Section 15 prohibits is fees for giving advice, not the *conduct* that the Rhode Island statute prohibits.

Reconsideration is appropriate where "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at n. 42.5. In dismissing Plaintiffs freedom of speech claim based on the holding in *Wine & Spirits*, this Court committed clear error based on the differences between the Rhode Island statute at issue in *Wine & Spirits* and the one challenged in the present case. This distinction between the two statutes is clearly articulated in the ABCC's May 9, 2006 decisions in *In re: Jatra Industries, Inc. dba L'il Peach* and *In re: 7-Eleven Of Massachusetts, Inc. dba 7 Eleven*.

Neither 7 Eleven nor L'il Peach own liquor licenses in Massachusetts. They both sell franchises. The only "beneficial interest" that the ABCC found 7 Eleven and L'il Peach to possess is the fees they receive. *In re: Jatra Industries, Inc. dba L'il Peach* ("M.G.L. c. 138, §15, as amended, specifically prohibits a third party to receive a fee that is [] based on a percentage of gross revenue in exchange for management assistance"), p.3 and *In re: 7-Eleven Of Massachusetts, Inc. dba 7 Eleven*, p.4 (same).

---

wrote "One of Haronian's daughters, Shirley Santoro ('Santoro') used money from a trust set up for her by her father to purchase a liquor store, Douglas Wine & Spirits-Fall River ('DW&S')." In fact Shirley Santoro obtained the funds she used to purchase DW&S – Fall River by selling a Rhode Island liquor store she owned.

In dismissing Plaintiffs' freedom of speech claim, this Court held:

> The First Circuit upheld the Rhode Island statute, stating that the 'plain, hard fact is that [the statute] simply does not prohibit the communication of advice between a franchisor and the holders of Class A liquor licenses.' Wine & Spirits, 418 F.3d at 47. Although the statute had 'the incidental effect of suppressing or eliminating market demand for the particular type of business advice that W&S offers,' the Court found that this 'did not hoist the red flag of constitutional breach: the First Amendment does not guarantee that speech will be profitable to the speaker or desirable to its intended audience.' Id. at 47-48. The First Circuit concluded its analysis by noting that 'the First Amendment does not safeguard against changes in commercial regulation that render previously profitable information valueless.' Id. at 48.
>
> It would be an anomaly for the Rhode Island statutes, which completely ban franchise agreements between liquor stores, to stand, and for Massachusetts's statute restricting the source of fees to violate the First Amendment."

*May 8, 2006 Memorandum and Order*, p.17.

While the Court is correct that the First Circuit held that "the First Amendment does not guarantee that speech will be profitable to the speaker or desirable to its intended audience." *Wine & Spirits*, 418 F.3d at 47-48. This holding include the following footnote:

> A case like this one, in which the statute imposes no burden on the communication between the speaker and the intended audience but has the effect of decreasing the audience's demand for a particular kind of business advice, <u>is distinguishable from cases dealing with the State's direct imposition of financial burdens on the dissemination of particular kinds of speech. In such cases, the government, not waning market demand, was directly responsible for the financial disincentive to speak</u>.

*Id*. at 47-48 n.3 (emphasis added, internal citations omitted). The First Circuit found that Rhode Island's statute restricted conduct and had only the incidental effect of making certain speech less profitable. *Id*. at 47 ("W & S's real complaint is that section 3–5–11(b)(1) will have the incidental effect of suppressing or eliminating the market demand for the particular type of business advice that W & S offers"). Massachusetts' statute is different. It does not have the incidental effect of making Plaintiffs' speech less desirable, Section 15 (as amended) directly targeting how such speech is paid for. By limiting the sources that can be used to pay for

management advice, Massachusetts is imposing a direct "financial burdens on the dissemination of particular kinds of speech."

Section 15 does not make the advice sold by Wine & Spirits Retailers less profitable by restricting the conduct about which the advice is given. Section 15 prohibits Wine & Spirits Retailers from being paid for that advice with funds generated from the sale of alcoholic beverages. *ABCC October 5, 2005 Decision In re: DW&S – Fall River, Inc.*, (Docket Entry # 28), pp. 1, 7. Under the Rhode Island statute, Wine & Spirits Retailers remains free to sell its advice, and liquor stores remain free to buy that advice, without any restriction on their ability to pay for the advice. *Wine & Spirits*, 418 F.3d at 47 ("nothing in the statute prevents W & S from <u>selling</u> or otherwise communicating its recipe for the operation of a successful package store to a Class A license holder. Nor does the statute forbid a license holder from <u>purchasing</u> or receiving that information" (emphasis added)). The First Circuit held that Rhode Island's restriction is on what the liquor stores can do in implementing the advice they have purchased, thereby making the sale of such advice less profitable. *Wine & Spirits*, 418 F.3d at 47 ("W & S's real complaint is that section 3–5–11(b)(1) will have the incidental effect of suppressing or eliminating the market demand for the particular type of business advice that W & S offers (that is, marketing and management strategies whose successful implementation requires the coordination of business activities with those of other market players)").

In contrast, Massachusetts' Section 15 does not suppress market demand for the Plaintiffs' advice, it bans paying for that advice through profits from the sale of alcoholic beverages. *May 8, 2006 Memorandum and Order* ("the ABCC decision, [] explicitly allowed fixed fees for management advice as long as the revenue is derived from a source other than the sale of alcoholic beverages") citing, *ABCC October 5, 2005 Decision In re: DW&S – Fall River,*

4

*Inc.*, p.7.  Unlike Rhode Island's statute, Section 15 does prevent "W & S from <u>selling</u> or otherwise communicating its recipe for the operation of a successful package store to a [liquor] license holder."  Section 15 also restricts that ability of "a license holder [to] <u>purchas[e]</u> or receiv[e] that information."  *Cf. Wine & Spirits*, 418 F.3d at 47.

This critical distinction of Section 15 financially burdening one specific form of speech, rather than regulating the ability of purchasers to implement that advice, places Section 15 into the second category of cases discussed in footnote 3 of *Wine & Spirits*: the "direct imposition of financial burdens on the dissemination of particular kinds of speech."  As noted by the First Circuit, such statutes are unconstitutional restrictions on speech.  *Wine & Spirits*, 418 F.3d at n. 3, citing *Simon & Schuster, Inc. v. Members of N.Y. State Crime Victims Bd.*, 502 U.S. 105, 115–18, 123 (1991) (holding that New York's "Son of Sam" law placed a content-based restriction on speech because it "single[d] out income derived from expressive activities for burden the State places on no other income, and it is directed only at works with a specified content") and *Minneapolis Star & Tribune Co. v. Minn. Comm'r of Rev*., 460 U.S. 575, 581–83 (1983) (finding that tax on paper and ink products consumed in newspaper production imposed an unconstitutional burden on freedom of the press).  See also, *Pitt News v. Pappert*, 379 F.3d 96, 105-06 (3rd Cir. 2004) (invalidating restriction on liquor advertising in student newspapers).

Based on the First Circuit's holding that Rhode Island's statute does not violate the First Amendment precisely because it does not prevent Wine & Spirits Retailers from selling its management advice and because it does not restrict the ability of liquor stores to purchase that advice; the ABCC's concession that Section 15 (as amended) does impose special financial burdens on the ability of liquor stores to purchase Wine & Spirits Retailers' advice strongly suggests that Section 15 would, in the view of the First Circuit, "suffice to hoist the red flag of

5

constitutional breach." *Wine & Spirits*, 418 F.3d at 47.  Plaintiffs therefore request that this Honorable Court reconsider its May 8 2006 decision to grant the portion of Defendants' motion to dismiss dealing with Plaintiffs' freedom of speech claim.

Respectfully submitted,

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

By their Attorneys,

  /s/  Michael Williams
Evan T. Lawson         (BBO# 289280)
Robert J. Roughsedge   (BBO# 638180)
Michael Williams       (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 18, 2006.

  /s/ Michael Williams