UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEOPLE'S SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.,
JOHN HARONIAN, DW&S – Fall River, Inc.
d/b/a Tanza Wine & Spirits, and DOUGLAS
WINE & SPIRITS – CRANSTON, INC.

    *Plaintiffs,*

v.

EDDIE J. JENKINS, in his capacity as
Chairman of the Alcoholic Beverages
Control Commission, SUZANNE IANNELLA
and ROBERT CRONIN, in their capacities as
Commissioners of the Alcoholic Beverages
Control Commission,

    *Defendants.*

Civil Action No. 04-cv-12219-PBS

**(PROPOSED) SECOND AMENDED COMPLAINT**

**Nature of the Action**

33.    The Plaintiffs re-allege paragraphs 1 through 32, including Counts I through VII, of the *First Amended Complaint*, with the recognition that the Court has dismissed Counts I through III. The Plaintiffs re-allege the dismissed Counts and the factual assertions upon which those counts are based in order to preserve those claims for appeal following a final judgment or following further decisions in the *Wine & Spirits* matter upon which the Court relied in its *May 8, 2006 Memorandum and Order* on dismissing these claims.

34.    The Plaintiffs allege that Sections 15 of Chapter 138 violate the Plaintiffs' federally protected rights both on their face and as Section 15 has been applied to Plaintiffs.

**The Parties**

35.     DW&S – FALL RIVER, INC. d/b/a TANZA WINE & SPIRITS is a corporation organized under the laws of Massachusetts.  DW&S – FALL RIVER operates a liquor store in Fall River.  Based on the language of Section 15, DW&S – FALL RIVER is currently being prevented from becoming a fourth Massachusetts franchisee of W&SR.

36.     DOUGLAS WINE & SPIRITS – CRANSTON, INC. is a corporation organized under the laws of Rhode Island.   DOUGLAS WINE & SPIRITS – CRANSTON operates a liquor store in Cranston, Rhode Island.  DOUGLAS WINE & SPIRITS – CRANSTON seeks to expand its liquor store business into Massachusetts.  DOUGLAS WINE & SPIRITS – CRANSTON also seeks to have its Massachusetts liquor stores become franchisees of Wine & Spirits Retailers (W&S).

**Facts Common to All Claims**

37.     DW&S – FALL RIVER is currently seeking permission to do business under the name "Douglas Wine & Spirits – Fall River."

38.     The three PEOPLE'S stores currently operate under the name "Douglas Wine & Spirits."

39.     If DOUGLAS WINE & SPIRITS – CRANSTON is permitted to expand its liquor store business into Massachusetts, it will seek to operate those Massachusetts stores under the Name "Douglas Wine & Spirits."

40.     Once DW&S – FALL RIVER has approval for its change in d/b/a, it will jointly advertise with the three PEOPLE'S stores.

41. If DOUGLAS WINE & SPIRITS – CRANSTON is permitted to expand its liquor store business into Massachusetts, it will jointly advertise with the three PEOPLE'S stores and with DW&S – FALL RIVER.

42. Following the refusal of the ABCC to permit DW&S – FALL RIVER to become a franchisee of W&SR, DW&S – FALL RIVER is entering into a consulting agreement with W&S, which will be submitted to the ABCC and local licensing authority for approval. Under this contract, DW&S – FALL RIVER will pay W&S for marketing and management advice.

43. If DOUGLAS WINE & SPIRITS – CRANSTON is permitted to expand its liquor store business into Massachusetts, it will enter into either a franchise or consulting agreement with W&S. Under this contract, DOUGLAS WINE & SPIRITS – CRANSTON would pay W&S for marketing and management advice.

44. As liquor stores, the majority of revenue these stores generate will be from the sale of alcoholic beverages.

45. DW&S – FALL RIVER and DOUGLAS WINE & SPIRITS – CRANSTON will pay for the marketing and management advice they receive from W&S through the founds they generate from the sale of alcoholic beverages.

46. DW&S – FALL RIVER and DOUGLAS WINE & SPIRITS – CRANSTON will pay W&S for the advertising services. W&S will charge a fee for these services in excess of the actual cost of the advertising.

47. DW&S – FALL RIVER and DOUGLAS WINE & SPIRITS – CRANSTON will work together with PEOPLE's and W&S to acquire the cheaper umbrella insurance policies offered

through W&S as part of the employee benefit packages DW&S – FALL RIVER and DOUGLAS WINE & SPIRITS – CRANSTON will provide their employees.

48.     The ABCC has interpreted the Amendment to only permit fees for marketing advice and "management assistance" if the fees are (1) "fixed fees" and (2) "so long as sufficient revenues to pay all such fixed fees is derived by the license holder from a source other than the sale of alcoholic beverages." *See* ABCC's October 5, 2005 decision in the matter of *DW&S – Fall River, Inc, d/b/a Tanza Liquors*, (Docket Entry # 28), p.7.

49.     W&S is actively seeking additional liquor stores to become Massachusetts franchisees.

50.     The Plaintiffs are engaged in interstate commerce both in the form of the interstate sale of franchises and through the sale of alcoholic beverages – a product that travels in interstate commerce.

## COUNT VIII
### Article I, §8, cl.3 of the Constitution of the United States (Commerce Clause)
### Three Store Rule

51.     In its May 8, 2006 Memorandum and Order, the Court noted "Plaintiffs' real quarrel in this case is with the Commonwealth's restriction of holding a beneficial interest in more than three licensed liquor stores."

52.     The three store limit of Chapter 138, §15 places a burden on commerce that is clearly excessive in relation to any putative local benefits and therefore violates the dormant Commerce Clause.

53.     By protecting local liquor stores from increased competition, the three store limit also discriminates against interstate commerce in violation of the dormant Commerce Clause.

# COUNT IX
## Article I, §8, cl.3 of the Constitution of the United States (Commerce Clause)
### Limitation on the Sale of Franchises in Massachusetts

54. W&S, a Rhode Island corporation, sells franchises into the Commonwealth of Massachusetts.

55. The ability of W&S to sell more than three franchises in Massachusetts is limited by Chapter 138, §15.

56. The limitations imposed by Chapter 138, §15 on the sale of franchises into Massachusetts impermissibly burdens interstate commerce and therefore violates the dormant Commerce Caluse.

57. The limitations imposed by Chapter 138, §15 on the sale of franchises into Massachusetts also effectively discriminates against interstate commerce by protecting existing liquors stores, all of which are by law Massachusetts businesses, from competition by out-of-state franchisors in violation of the dormant Commerce Clause.

**WHEREFORE**, Plaintiffs respectfully request the following relief:

K.  Enter judgment declaring M.G.L. Chapter 138, §15, violates Article I, §8, cl.3 of the Constitution of the United States (the Commerce Clause); and

L.  Award to Plaintiffs the costs of this action, including attorney fees as provided for by 42 U.S.C. §1988; and

M.  Award such other relief as the Court may deem just.

Respectfully submitted,

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

By their Attorneys,

   /s/ Michael Williams
Evan T. Lawson     (BBO# 289280)
Robert J. Roughsedge  (BBO# 638180)
Michael Williams    (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

Dated: June 14, 2006

6