UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEOPLES SUPER LIQUOR STORES, INC., *et al.*,

    *Plaintiffs,*

v.

EDDIE J. JENKINS, in his capacity as Chairman of the Alcoholic Beverages Control Commission, *et al.*,

    *Defendants.*

Civil Action No. 04-cv-12219-PBS

**MEMORANDUM IN SUPPORT of PLAINTIFFS'
MOTION FOR LEAVE TO AMEND THEIR COMPLAINT**

    In its May 8, 2006 Memorandum and Order, this Court noted "Plaintiffs' real quarrel in this case is with the Commonwealth's restriction of holding a beneficial interest in more than three licensed liquor stores." Further refining this Court's point, the Plaintiffs' quarrel is with the Commonwealth's restriction on holding a beneficial interest in more than three licensed liquor stores; where the phrase "holding a beneficial interest" is read to include receiving management and marketing fees from more than three liquor stores that are derived from the sale of alcoholic beverages. This Court noted that a challenge to the three store rule is implicit in Plaintiffs' existing claims, in light of the Court's recent decision, the Plaintiffs now seek to more explicitly state their Commerce Clause claims.

    The Defendants will not be prejudiced by this amendment to the complaint as discovery has not yet commenced.

### A. New Counts

The Plaintiffs seek leave to amend their complaint to add to two counts.[1] Count VIII adds an additional challenge to section 15 of Chapter 138, which includes the three store limitation on liquor stores. The 2004 amendment to Section 15 expands the three store rule from restricting ownership of more than three liquor stores to include a ban on receiving fees from more than three liquor stores, when those fees are derived from a percentage of gross sales or are derived from the sale of alcoholic beverages.

Count IX of the proposed amendment complaint expands the claim contained within Count V of the previous Complaint (challenging the residency requirement for liquor licenses). This Court denied the Defendants' motion to dismiss the Commerce Clause claim contained within Count V, recognizing that "the Massachusetts residency requirement discriminates against interstate commerce on its face." *May 8, 2006 Opinion*, p. 36. Proposed Count IX expands upon this Commerce Clause claim by adding an excessive burdening and discrimination challenge to the restriction on out of franchisors selling more than three franchisees in Massachusetts.

### B. New Plaintiffs

The proposed amended complaint also adds two additional plaintiffs. The first is already familiar to this Court. DW&S – Fall River, Inc. d/b/a Tanza Liquors was the topic of considerable discussion as part of this Court's consideration of the Defendants' motion to dismiss. The Plaintiffs seek to add DW&S – Fall River, Inc. as a party to this action.

---

[1] In order to preserve their appellate rights, the Plaintiffs' proposed amended complaint re-alleges the Counts dismissed by this Court in its May 8, 2006 Order.

Douglas Wine & Spirits – Cranston, Inc. is corporation organized under the laws of Rhode Island. Douglas Wine & Spirits – Cranston owns a Rhode Island liquor store and would like to expand its operation into Massachusetts. Douglas Wine & Spirits – Cranston wishes to obtain a §15 liquor licenses in Massachusetts, but is precluded from doing so under §15's residency requirement. The goal of Douglas Wine & Spirits – Cranston is to expand into Massachusetts and to have those Massachusetts liquor stores become franchisees of Wine & Spirits Retailers. Because most of the revenue generated by any liquor stores that Douglas Wine & Spirits – Cranston acquires in Massachusetts will be derived from the sale of alcoholic beverages, it will pay the franchise fee from revenue generated from the sale of alcoholic beverages. Under the ABCC's interpretation of the amendment to Section 15, this franchise arrangement would be prohibited. *May 8, 2006 Opinion*, p. 12.

### C. Discrimination against interstate commerce

By law, all existing liquor stores in Massachusetts are Massachusetts businesses. *See* Mass.Gen.L. c. 138, §15. By limiting the entry of more efficient competitors into the Massachusetts market, Section 15 protects these local businesses from out-of-state competition and has an impermissible discriminatory impact on interstate commerce. *Walgreen v. Rullan*, 405 F.3d 50, 55 (1st Cir. 2005) ("Under the dormant Commerce Clause, if a state law has either the purpose or effect of significantly favoring instate commercial interests over out-of-state interests, the law will 'routinely' be invalidated 'unless the discrimination is demonstrably justified by a valid factor unrelated to economic protectionism'" (emphasis added)), *cert. denied*, 126 S.Ct. 1059 (2006).

This elimination of a mechanism for greater competition violates the dormant Commerce Clause even if visited equally on in-state and out-of-state businesses. As the Third Circuit noted

in *Cloverland-Green Spring Dairies, Inc. v. Pennsylvania Milk Marketing Board,* 298 F.3d 201 (3rd Cir. 2002), "if the wholesale price floors protect incumbent in-state dealers not only from out-of-state competitors, but also from in-state ones (as the District Court conjectured), that simply exacerbates their protectionist effect." 298 F.3d at 214. Where a state has excluded all out-of-state businesses from a market, any protectionist legislation has the effect of discriminating against interstate commerce, even if that protectionist legislation, on its face, appears to apply equally to instate and out-of-state businesses. *Walgreen*, 405 F.3d at 55. The three store rule is an example of just such legislation. It both protects liquor stores from more efficient competitors, and, since all liquor licenses are currently held by Massachusetts businesses, it effectively excludes all out-of-state competitors.

As applied to franchisors, the three store rule precludes Wine & Spirits Retailers, an out-of-state franchisors, from selling more than three franchisees into Massachusetts. It is worth noting that this cap on the amount of business Wine & Spirits is permitted to do in Massachusetts is not a restriction on the sale of alcoholic beverages; it is a limitation on the sale of a financial product - franchises. Through the amendment to the Complaint, the plaintiffs seek to challenge this cap on the sale of franchises in Massachusetts under both the discrimination and burdening analyses for the dormant Commerce Clause.

As applied to out-of-state businesses wishing to compete in the Massachusetts marketplace, the residency requirement acts as a compete bar. The three store rule, coupled with expanding "beneficial interest" to include paying franchise fees from the proceeds generated from the sale of alcoholic beverages, precludes out-of-state liquor businesses, like Douglas Wine & Spirits – Cranston from entering the Massachusetts marketplace as an effective competitor (*i.e.* as a franchisee of Wine & Spirits Retailers).

While the ABCC has asserted that there is no *per se* ban on franchisors selling more than three franchises in Massachusetts, the limitations the ABCC has placed on the source of funds that can be used to pay franchisee fees precludes Wine & Spirits Retailers from receiving fees from any business whose primary source of income is the sale of liquor (a liquor store) other than the three Peoples Super Liquor Stores, Inc. who are already Massachusetts franchisees.

## CONCLUSION

This Court should grant leave to the filing of the annexed *(Proposed) Second Amended Complaint*, in order to permit a more compete statement of the Plaintiffs' dormant Commerce Clause challenge to residency requirement and three store limit (as newly interpreted) contained within Chapter 138, §15.

Respectfully submitted,

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

By their Attorneys,

   /s/  Michael Williams
Evan T. Lawson         (BBO# 289280)
Robert J. Roughsedge   (BBO# 638180)
Michael Williams       (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 14, 2006.

   /s/ Michael Williams