UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
PEOPLES SUPER LIQUOR STORES, INC., et al.,  )
                                            )
    Plaintiffs,                             )
                                            )
    v.                                      )   CIVIL ACTION NO.
                                            )   04-12219 - PBS
EDDIE J. JENKINS, in his capacity as Chairman )
of the Alcoholic Beverages Control Commission, et al., )
                                            )
    Defendants.                             )
_____)

**DEFENDANTS' MOTION
TO SUPPLEMENT RECORD WITH DISTRICT COURT DECISION
IN COMPANION RHODE ISLAND CASE**

  The defendants move for leave to supplement the record with the transcript of the oral decision by the United States District Court for the District of Rhode Island after the bench trial in <u>Wine & Spirits Retailers, Inc., et al. v. Greer, et al.</u>, Civ. No. 04-418T (June 20, 2006) (Torres, C.J.), the companion Rhode Island case that two of the three present plaintiffs filed ("Rhode Island Decision").  The defendants attach a copy of the transcript of the Rhode Island Decision as Exhibit A.  As grounds for their Motion, the defendants assert:

  1. The Rhode Island Decision rejects, <u>inter alia</u>, a free-speech challenge to that state's outright ban on joint advertising by retail liquor licensees.  Rhode Island Decision pp. 12-17.  Its ruling is relevant to two of the three motions presently pending before this Court.  First, the ruling is relevant to Plaintiffs' Motion for Reconsideration, which seeks to revive their presently dismissed free-speech claim (presumably as to its "joint advertising" component as well as to its "management advice" prong).  Second, it also is relevant to Plaintiffs' Motion for Leave to Amend Their Complaint, which seeks to add two new plaintiffs with announced plans to engage in "joint advertising" if they receive Massachusetts licenses (presumably to try to get around this Court's ruling that the present plaintiff-licensee Peoples Super Liquor Stores, Inc. lacks standing to maintain a joint-advertising claim).  <u>See</u> (Proposed) Second Amended

Complaint ¶¶ 35-36, 39-41; May 8, 2006 Memorandum and Order pp. 20-21.  The Rhode Island Decision is relevant to these motions because it holds that even a flat ban on joint advertising among licensees with standing to bring such a claim does not violate the Free Speech Clause, thereby rendering any attempt to maintain such a claim here (whether by a reconsideration of the now-dismissed free-speech claim or the addition of new plaintiffs through amendment) both erroneous and futile.  See Rhode Island Decision pp. 12-17.

2. Specifically, the Rhode Island Decision notes that a statutory prohibition against joint advertising "leaves the individual licensees free to advertise their products, and it places no limitations on the expressive content of their ads."  Rhode Island Decision p. 13.  What the prohibition instead precludes is concerted activity:

> [T]he prohibition[ ] against common advertising . . . do[es] not impinge on the ability of the licensees to communicate their commercial message.  The prohibition[ ] merely prevent[s]the kind of coordinated market activity that is reflected in common advertising . . . and that common advertising . . . [is] used to implement.
>
> Put another way, what the statute restricts is not the content of the licensee's speech, but rather the concerted conduct that it evidences and that is embodied in it.

Id. at 14-15.  Given the statute's focus upon concerted conduct rather than speech, Chief Judge Torres rejected the free-speech challenge to the law because "[i]t is well-established that a prohibition against a particular type of conduct does not run afoul of the First Amendment simply because words may be among the means used in furtherance of that conduct."  Id. at 15 (citing Giboney v. Empire Storage and Ice Co., 336 U.S. 490, 502 (1949)).  He also explained why a free-speech challenge to a joint advertising prohibition must fail even if it were assumed to regulate speech (rather than conduct) and therefore need evaluation under the four-part commercial-speech standard.  Id. at 16-17.

3. As a result, even if Massachusetts were assumed to have imposed the same outright ban on joint advertising that Rhode Island has, but see May 8, 2006 Memorandum and Order pp. 12-13, it still would not violate the First Amendment.  Any attempt to resuscitate the joint-advertising claim by reconsideration or amendment should therefore be rejected as futile.

4.       The Rhode Island Decision also comments more broadly on the plaintiffs' general approach to constitutional litigation there:

> Most of the [Rhode Island] claims appear to be based on what . . . seems to the Court to be the plaintiff's overly expansive interpretation of the reach of various constitutional provisions, and the plaintiff's view that any restrictions on what they consider to be advantageous business practices are unconstitutional.

Rhode Island Decision p. 3.  The plaintiffs have adopted a similar stance here, and the Court should restrict them by limiting the claims going forward to the Commerce Clause claims alone.

For the foregoing reasons, the defendants respectfully request that the Court allow Defendants' Motion to Supplement Record, deny Plaintiffs' Motion for Reconsideration, allow Defendants' Cross-Motion for Reconsideration, and deny Plaintiffs' Motion for Leave to Amend Their Complaint, with the net result that this case proceeds to fact development on the Commerce Clause claims alone.

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Pierce O. Cray
Pierce O. Cray, BBO # 104630
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2084

Dated:   August 17, 2006

## LOCAL RULE 7.1 CERTIFICATION

I certify that I conferred with plaintiffs' counsel on August 17, 2006 and that we attempted in good faith to resolve or narrow the issue presented by this Motion but were unable to do so.

/s/ Pierce O. Cray
Pierce O. Cray
Assistant Attorney General