UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PEOPLES SUPER LIQUOR STORES, INC., *et al.*,

    *Plaintiffs,*

v.

EDDIE J. JENKINS, in his capacity as Chairman of the Alcoholic Beverages Control Commission, *et al.*,

    *Defendants.*

Civil Action No. 04-cv-12219-PBS

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION TO SUPPLEMENT RECORDS WITH
DISTRICT COURT DECISION FROM RHODE ISLAND**

The Defendants have filed a motion seeking leave to supplement the record from the motions pending before this Court by to bringing to the attention of this Court the decision of the District Court in the *Wine & Spirits Retailers v. Rhode Island* matter. Given the differences between the statutes challenged in the two actions and differences in the claims, this decision is not relevant to any of the three pending motions before this Court.

**I.    The decision in the Rhode Island matter is not relevant to either motion for reconsideration.**

The Defendants' cross motion for reconsideration (Docket entry # 35) is limited to the ERISA claim, which was not a claim in the Rhode Island matter.

The Plaintiffs' motion for reconsideration addresses only one aspect of their First Amendment claim; an aspect which was not part of Judge Torres' decision. In addressing the claim that the Rhode Island statute unconstitutionally restricts the ability of W&SR and Haronian to sell advice to liquor stores and the right of those store to purchase that advice, Judge Torres

relied on the First Circuit's holding that the Rhode Island statute places no restrictions on W&SR's ability to sell advice to multiple liquor stores or on those stores' ability to purchase that advice. "The Court of Appeals agreed with this Court's finding that nothing in the statute prevents Wine & Spirits from providing advice to Class A licensees." Transcript of Oral Decision (attached as Exhibit A to docket entry # 45), p.4. See also *Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 47 (1st Cir. 2005) ("nothing in the statute prevents W & S from selling or otherwise communicating its recipe for the operation of a successful package store to a Class A license holder. Nor does the statute forbid a license holder from purchasing or receiving that information").

Unlike the Rhode Island statute, the 2004 Massachusetts amendment does place limitations on the purchasing of advice by more than three liquor stores, where any portion of the funds used as payment for that advice is derived from the sale of alcoholic beverages. Judge Torres' does not address this question raised by the Massachusetts statute: can a state limit how advice is paid for? This is the question raised in Plaintiffs' motion for reconsideration. See Docket entry # 34.

II.   **Plaintiffs' Motion to Amend.**

   A.   **New Counts.**

Both of the new counts sought to be added to the Complaint through Plaintiffs' motion for leave to amend are based on the Commence Clause. This Court has already concluded that the Commerce Clause issue is properly raised in this case. May 8, 2006 Memorandum and Order (Docket entry # 32), pp.32-46. The additional Commerce Clause claims further define the nature of that issue. In their present motion, the Defendants appear to concede Judge Torres' oral decision will not impact the pending motion to amend with regard to the Commerce Clause

claims. *Defendant's Motion to Supplement Record with District Court Decision in Companion* [sic] *Rhode Island Case* (Docket entry # 45) ("the Court should restrict the[ Plaintiffs] by limiting the claims going forward to the Commerce Clause claims alone").

**B.    Addition of parties.**

The motion to amend asks leave to add an out-of-state entity that seeks to enter the Massachusetts retail liquor market, but is barred from doing so by Massachusetts law. Judge Torres' decision adds little to this issue. In fact, Judge Torres refused to rule on the Rhode Island residency rule because there were no out-of-state liquor store plaintiffs. The motion to amend seeks to add just such an out-of-state liquor store plaintiff to the present action.

The other party seeking to join this action has been the topic of considerable discussion by the existing parties and by the Court and presumably will continue to be discussed at length. Judge Torres' decision has no import on whether DW&S-Fall River should be a party in this litigation rather than a topic of discussion in the litigation.

**C.    First Amendment claims.**

Because Judge Torres concludes that the Rhode Island statute places no limitations on the purchase and sale of advice, he focused his discussion of the First Amendment on the use of a common name and joint advertising. The ABCC has asserted that Massachusetts' law does not ban the use of a common name and that up to seven liquor stores are permitted to engage in joint advertising. Therefore, the bulk of Judge Torres' discussion of the First Amendment is not relevant to the claims in the Massachusetts action.

The First Amendment issues raised by the inclusion of the new Plaintiffs would be limited to two issues. First, these stores would be precluded from paying for advice on the operation of their new Massachusetts liquor stores because the money to pay for that advice

3

would originate, at least in part, from the sale of alcoholic beverages. This restriction on paying for advice is the issue that Judge Torres did not address based on the First Circuit's holding that the Rhode Island statutes does not limit the ability of W&SR to sell advice or the ability of the liquor stores to buy that advice. So, as discussed above, Judge Torres' oral decision bears no relevance on this topic.

Second, the addition of the Rhode Island liquor store seeking to expand into Massachusetts (DWS-Cranston) and the Massachusetts liquor store seeking to become a franchisee (DW&S-Fall River) would raise the prospect of up to six additional liquor stores seeking to jointly advertise along with the existing three Douglas franchisees.[1] In fact, even if the two proposed additional plaintiffs were not permitted to become franchisees of W&SR, they will still seek to use the same name and to jointly advertise through name use agreements and joint marketing agreements.

Since Massachusetts law only permits up to seven liquor stores to jointly advertise, the addition of these Plaintiffs, moves the number of stores seeking to jointly advertise closer to the seven store limit. But as the Plaintiffs have not yet reached that number, in part because DWS-Cranston is not permitted to enter the Massachusetts market, they have not challenged the seven store rule set by Mass.Gen.L. c. 138, §24 and Judge Torres' discussion of joint advertising restrictions is not relevant to the pending motions.[2]

---

[1] Each of these two new plaintiffs would be permitted to own up to three liquor stores under the three store rule.

[2] Should the Plaintiffs reach the point were in excess of seven stores seek to jointly advertise, they will challenge the seven store rule at that time. Alternatively, if the ABCC should choose to not read Mass.Gen.L. c. 138, §§15 and 24 in the manner it forecasted – using the seven store number from §24 to set the limit on joint advertising rather than the three store number set in the amendment to §15 – the Plaintiffs would challenge the limitation on joint advertising at that point.

**III.     Citation to unpublished decisions.**

The propriety of the citing to unpublished decision has been debated among the judiciary. Many Circuits, including this one, have adopted local rules stating disfavor with citations to unpublished opinions. See First Circuit Local Rule 32.3. While Judge Young of this Court has concluded that judges may utilize unpublished decisions that their own research reveal as part of the preparation of their own opinions. He notes that the decision to mark an opinion as not for publication is based on the deciding judge's belief that the opinion lacks precedential. *Caron v. United States*, 183 F.Supp.2d 149, n.7 (D.Mass. 2001) ("the Judicial Conference of the United States directed the judges of the courts of appeals and district courts to publish 'only those opinions which are of general precedential value'"). Judge Torres not only apparently considered this decision to lack sufficient precedential value to be marked for publication, he did not even write an opinion.

One of the problems with attempting to rely on an oral decision is that such decision lack much of the detail found in written decision. This particular oral decision does not even state the nature of the claims it addresses. Before and during the trial, Judge Torres made clear that he was limiting his consideration in this matter to a facial challenge only. In contract, this Court made clear that it decided the motion to dismiss based solely on an as-applied challenge. May 8, 2006 Opinion (Docket entry # 32), p.6 n.1. Details like this are not fund in oral decision, making it more difficult for another court to place the decision in a proper context.

**IV.     The decision has been appealed.**

For the Court's information, the Plaintiffs note that the decision in the Rhode Island matter has been appealed. The Appellants' Brief is due October 10, 2006.

## CONCLUSION

Given the differences between the statutes at issue and the difference in the postures of the cases, the oral decision of Judge Torres does not address any relevant points to the pending motions.

Respectfully submitted,

PEOPLES SUPER LIQUOR STORES, INC.,
WINE & SPIRITS RETAILERS, INC.
and, JOHN HARONIAN,

By their Attorneys,

   /s/  Michael Williams
Evan T. Lawson         (BBO# 289280)
Robert J. Roughsedge   (BBO# 638180)
Michael Williams       (BBO# 634062)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile:  (617) 439-3987
MWilliams@Lawson-Weitzen.com

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 31, 2006.

   /s/ Michael Williams