UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEOPLES SUPER LIQUOR STORES, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-12219 - PBS |
| EDDIE J. JENKINS, in his capacity as Chairman ) | |
| of the Alcoholic Beverages Control Commission, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFFS' RENEWED MOTION TO AMEND**

The defendants submit this Opposition to Plaintiffs' Motion for Leave to File Amended Complaint ("Renewed Motion to Amend") (Document 50 in Docket). For the reasons set forth below, the Court should deny the Renewed Motion.

1.  The plaintiffs have already filed a First Amended Complaint, and the Court has denied their motion to file a second one. See September 14, 2006 Electronic Clerk's Notes (reporting Court's denial of Document No. 37 (Plaintiffs' Motion for Leave to Amend Their Complaint)).[1] Nevertheless, the large majority of the allegations in the proposed pleading

---

[1] The plaintiffs assert that the defendants have admitted that the existing Count V in the First Amended Complaint already encompasses the two legal claims that the plaintiffs attempted to add in their first Motion to Amend (Document No. 37). Renewed Motion to Amend p. 1. This is true as regards the first legal claim that the plaintiffs attempted to add (a Commerce Clause challenge to the "three-store limit" in Mass. G.L. c. 138, § 15), but not true as regards the second (a separate Commerce Clause challenge to Section 15's supposed further ban on multiple liquor store franchises in the Commonwealth). See Defendants' Opposition to Plaintiffs' Motion for Leave to Amend Their Complaint (Document No. 44) pp. 5-6. As the defendants' earlier Opposition made clear, their grounds for opposing addition of a Commerce Clause "franchise" claim was not that it would be duplicative of the existing Count V but instead that "it would be premised on a contention that the Court has already rejected in ruling on the Motion to Dismiss -- that Section 15 in fact bans multiple franchising." Id. p. 6. The defendants' position at the September 14, 2006 motion hearing was consistent with that set forth

attached to the present motion are quite similar to allegations in the earlier proposed pleading that the Court denied leave to file.  Compare (Revised Proposed) Second Amended Complaint ¶¶ 33-41 with (Proposed) Second Amended Complaint ¶¶ 35-37, 42-47, 50.[2]

2.The two new plaintiffs that the Renewed Moton to Amend seeks to add -- the Massachusetts corporation DW&S-Fall River ("Tanza") and the Rhode Island company Douglas Wine & Spirits-Cranston, Inc. ("Cranston") -- both raise, inter alia, hypothetical claims that cannot satisfy Article III's ripeness and standing requirements.  See (Revised Proposed) Second Amended Complaint ¶¶ 37-40.  This would render much of the proposed amendment futile, which is a well-established basis for denying leave to amend.  See, e.g., Hatch v. Dep't for Children, 274 F.3d 12,19 (1st Cir. 2001).  Cranston thus asserts that "[i]f it is permitted to expand its liquor store business into Massachusetts, it will" engage in various activities, and the "majority of [its contemplated Massachusetts] revenues will be from the sale of alcoholic beverages." (Revised Proposed) Second Amended Complaint ¶¶ 38-39 (emphasis added).  Similarly, both Cranston and Tanza Liquors maintain that they "will work together . . . to acquire . . . cheaper insurance policies," that they "will pay [the current plaintiff] Wine & Spirits Retailers, Inc. for . . . advertising services,"and that Wine & Spirits in turn "will charge a fee for these services in excess of the actual cost of advertising."  Id. ¶¶ 39-40 (emphasis added).  These assertions about what supposedly "will" happen in the future are speculative on their face and cannot establish ripeness and standing.[3]  Moore's Federal Practice aptly summarizes the Article III problems with such a hypothetical approach:

> If the facts are uncertain and the court is being asked to make a legal ruling based on the possibility that certain facts will be found exist at some point in the future, then a decision would constitute nothing more than an advisory opinion based

---

in their Opposition.  See September 14, 2006 Hearing Transcript pp. 14-15 (discussing challenge to three-store limit only).

[2]The (Revised Proposed) Second Amended Complaint appears as an attachment to Document No. 50.  The original (Proposed) Second Amended Complaint appears as an attachment to Document No. 37.

[3]See generally Defendants' Consolidated Memorandum in Opposition to Plaintiffs' Motion for Reconsideration and in Support of Defendants' Cross-Motion for Reconsideration (Document No. 36) pp. 2-5 (citing authorities re ripeness and standing).

upon a hypothetical scenario. It is this type of judicial intervention that is prohibited, and the rationale seems clear. There is no actual dispute currently before the court, the facts may never develop consistent with the hypothetical scenario, thus rendering the court's opinion of no legal effect, and the parties are not yet, and may never be, subject to any harm.

15 Daniel R. Coquillette, et al., Moore's Federal Practice § 1201.75, at 101-152 (3rd ed. 2006).

3.  In addition to being speculative, the factual allegations about what Tanza and Cranston purportedly "will" do in the future have curiously little connection with the dormant Commerce Clause that they are supposed to support. Compare Renewed Motion to Amend p. 1 with (Revised Proposed) Second Amended Complaint ¶¶ 37-39. They instead appear to relate to the now-dismissed First Amendment claims. (Revised Proposed) Second Amended Complaint ¶¶ 37-39. For example, the proposed pleading contains extended allegations about Cranston's potential plans for becoming a franchisee of or receiving consulting and advertising services from Wine & Spirits, assertions that have nothing to do with any Commerce Clause challenge to Section 15's three-store limit or residency requirement but much to do with the dismissed free speech claims. Compare id. ¶¶ 37-38 with Peoples Super Liquor Stores, Inc. v. Jenkins, 432 F.Supp. 2d 200, 210-11, 212 (D. Mass. 2006) (dismissing free speech claims). It is puzzling why these free-speech related allegations are included in the proposed pleading, given the dismissal of those claims. To the extent that the plaintiffs add them to improve their chances of securing reversal of the First Amendment rulings on appeal, that would not be an appropriate use of the amendment process, because it would be trying to have the Court of Appeals review this Court's decision on the basis of assertions that were not before it at the time the decision issued. The Court should not allow any such "Trojan Horse" approach to pleading to proceed.

4.  The purported reason given in the Motion to Amend for adding the two new plaintiffs is to remove standing issues regarding the present plaintiffs' Commerce Clause challenges to Section 15's residency requirement and three-store limit. Renewed Motion to Amend p. 1. For the reasons set forth in Paragraph 2 above, the proposed new plaintiffs would actually create Article III issues. Moreover, as regards the present plaintiffs, the Court has already found that they "do have standing" to assert the Commerce Clause claims, Peoples Super Liquor Stores, 432 F.Supp. 2d at 216-17, and the defendants' subsequently filed Answer does not in fact assert standing as a defense to them. See Answer to First Amended Complaint ¶ 35

(asserting lack of subject matter jurisdiction for ERISA claim only).  The purported reason for amendment thus does not bear the weight placed upon it.

## CONCLUSION

For the foregoing reasons, the defendants respectfully request that the Court deny the Renewed Motion to Amend..

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Pierce O. Cray
Pierce O. Cray, BBO # 104630
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2084

Dated:   October 5, 2006