# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEOPLES SUPER LIQUOR STORES, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> EDDIE J. JENKINS, in his capacity as Chairman of the Alcoholic Beverages Control Commission, et al., <br><br> Defendants. | CIVIL ACTION NO. <br> 04-12219 - PBS |

### ANSWER TO FIRST AMENDED COMPLAINT

The defendants answer the First Amended Complaint in the above-captioned action ("Complaint") as follows:

### FIRST DEFENSE

1. The allegations in Paragraph 1 of the Complaint constitute a summary overview of the plaintiffs' asserted causes of action to which no response is required; to the extent a response is required, the defendants deny such allegations.

2. The allegations in the first sentence of Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. The defendants deny the allegations in the second sentence of Paragraph 2 of the Complaint.

3-4. The defendants deny the allegations in Paragraphs 3-4 of the Complaint.

5-6. The allegations in Paragraphs 5-6 of the Complaint constitute conclusions of law to which no response is required.

7.  The defendants admit the allegations in the first sentence of Paragraph 7 of the Complaint. The defendants deny the allegations in the second sentence of Paragraph 7 except that they admit that the plaintiff Peoples Super Liquor Stores, Inc. holds three licenses issued pursuant to Mass. G.L. c. 138, § 15.

8.  The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint except that they admit that "Wine & Spirits Retailers, Inc." is identified as the franchisor of "Douglas Wine & Spirits" in the records of the Alcoholic Beverages Control Commission ("Commission") relative to the Commission proceeding In Re: DW&S -- Fall River, Inc., dba Tanza Liquors (Nov. 7, 2005).

9.  The defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 of the Complaint except that they admit that "John Haronian" is identified as a Rhode Island resident in the Commission's records for the three licenses referenced in Paragraph 7 of this Answer. The defendants deny the allegations in the second sentence of Paragraph 9.

10. The defendants deny the allegations in Paragraph 10 of the Complaint, except that they admit that Mr. Jenkins is the Chairman of the Commission and that the Commission enforces Mass. G.L. c. 138, § 15.

11. The defendants deny the allegations in Paragraph 11 of the Complaint, except that they admit that Ms. Iannella is a Commissioner of the Commission and that the Commission enforces Mass. G.L. c. 138, § 15.

12. The defendants deny the allegations in Paragraph 12 of the Complaint, except that they admit that Mr. Cronin is a Commissioner of the Commission and that the Commission enforces Mass. G.L. c. 138, § 15.

13-16. The allegations in Paragraphs 13-16 of the Complaint, which purport to describe and construe Mass. G.L. c. 138, § 15, constitute conclusions of law to which no response is required.

17-22. No response is required to the allegations in Paragraphs 17-22 of the Complaint, which relate to claims that the Court has already dismissed pursuant to its May 8, 2006 Memorandum and Order.

23-24. The allegations in Paragraphs 23-34 of the Complaint, which purport to describe and construe Mass. G.L. c. 138, § 15, constitute conclusions of law to which no response is required.

25-26. The defendants deny the allegations in Paragraphs 25-26 of the Complaint.

27. The allegations in Paragraph 27 of the Complaint, which purport to describe and construe Mass. G.L. c. 138, § 15, constitute conclusions of law to which no response is required.

28-29. The allegations in Paragraphs 28-29 of the Complaint, which purport to describe and construe the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 et seq. ("ERISA"), constitute conclusions of law to which no response is required.

30. The allegations in Paragraph 30 of the Complaint, which purport to describe and construe Mass. G.L. c. 138, § 15, constitute conclusions of law to which no response is required.

31-32. The defendants deny the allegations in Paragraphs 31-32 of the Complaint.

## SECOND DEFENSE

33. The counts that remain in the case after the Court's May 8, 2006 Memorandum and Order fail to state a claim on which relief can be granted.

## THIRD DEFENSE

34. The Twenty-First Amendment to the United States Constitutions bars the claims in Count V (Paragraphs 23-26) of the Complaint.

## FOURTH DEFENSE

35. The Court lacks subject matter jurisdiction over the claims in Count VI (Paragraphs 27-30) of the Complaint.

## FIFTH DEFENSE

36. The Court should abstain from resolving the claims in Count VI (Paragraphs 27-30) of the Complaint.

## SIXTH DEFENSE

37. The plaintiffs do not participate in an ERISA "plan" that triggers that statute's provisions, thereby precluding the claims in Count VI (Paragraphs 27-30) of the Complaint.

WHEREFORE, the defendants respectfully pray:

1. That the Court dismiss the remaining claims in the Complaint and enter judgment for the defendants on all claims in the case, including those already dismissed by the Court's May 8, 2006 Memorandum and Order.

2. For such other and further relief as the Court may determine to be just and proper.

By their attorneys,

THOMAS F. REILLY
ATTORNEY GENERAL

/s/ Pierce O. Cray
Pierce O. Cray, BBO # 104630
Assistant Attorney General
Government Bureau
One Ashburton Place
Boston, MA 02108
(617) 727-2200, ext. 2084

Dated: September 29, 2006